IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

RICHARD FIRMANI and MELODY
FIRMANI, husband and wife,

   Plaintiffs,

v.

JOSEPH F. ZIPNOCK and R&L TRANSFER
INC.,

   Defendants.

CIVIL ACTION

No.: 2:21-cv-00171-MPK

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL PURSUANT TO F.R.C.P. 12(B)(6) AND MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(F)

### I. INTRODUCTION

Plaintiff, Richard Firmani, commenced the above-referenced lawsuit on September 30, 2020, by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County. The lawsuit which arises out of an accident that occurred on October 2, 2018 in Murrysville, Pennsylvania. In his Complaint, Plaintiff asserts vague allegations of recklessness in an effort to support a requested award for punitive damages. Additionally, Plaintiff asserts a claim for loss of consortium on behalf of his wife, Melody Firmani, whom he has added as a party to the caption in his Complaint, but who was not identified as a plaintiff at the time Richard Firmani filed his Praecipe for Writ of Summons.

As discussed more fully herein, Plaintiff has failed to plead a *prima facie* claim for punitive damages, and therefore, Plaintiff's request for punitive damages should be dismissed, with prejudice. Additionally, Melody Firmani was not an original Plaintiff in this matter, and Plaintiff has not obtained leave of court to add her as a party. Further, even if Plaintiff were to now seek

leave of Court, Ms. Firmani's claims are barred under the applicable two-year statute of limitations. Consequently, Ms. Firmani should be stricken from the caption, or in the alternative, her claim should be dismissed with prejudice.

## II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS

According to the allegations in the Complaint, on October 2, 2018, Plaintiff Rick Firmani was traveling through an intersection at a green light when Defendant, Joseph Zipnock ran a red light and violently struck Plaintiff's car. See Complaint, attached to Defendants' Motion as Ex. "1", at ¶¶ 2-3. The Complaint goes on to alleged that Zipnock was "cited by Pennsylvania State Police under 75 § 3312 §§ A(3) [sic] for proceeding across a roadway facing a steady red signal." Id. at ¶6. Plaintiff goes on to allege, generally, that "Zipnock was driving in a reckless manner and at an unsafe speed considering the circumstances. His conduct was outrageous under the circumstances." Id. at ¶8. Further, Plaintiff alleges, that "Zipnock *may have been* driving an unregistered truck at the time of the incident." Id. at ¶9. Plaintiff goes on to allege the following:

> "Defendant, subsequently plead guilty to charges of failing to obey traffic signals. It appears as though Defendant Zipnock may have also plead guilty to a number of other charges associated with this accident that are not referenced in the State Police Report but are on the USJ Portal.  Those charges include careless driving, driving an unregistered vehicle and failure to attend to a vehicle or property."

Id. at ¶10.

Finally, Plaintiff alleges that "[t]he accident was caused solely by the negligence, carelessness and recklessness of defendant in the following respects:

  a)  In operating his motor vehicle in disregard for the safety of plaintiff and others;

  b)  In failing to maintain proper control over his motor vehicle;

2

c)  In failing to keep a proper lookout;

d)  In driving at a speed greater that [sic] was reasonable under the circumstances;

e)  In failing to drive a safe and appropriate speed;

f)  In failing to obey traffic signals;

g)  In failing to sound a horn, deploy his brakes or provide other warning of his approach;

h)  In violating the Pennsylvania Motor Vehicle Code including the provisions of the law at 75 § 3312 §§ A [sic] and possibly other violations as well.

Id. at ¶13.

Mr. Firmani commenced his civil action on 30, 2020, when he filed a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania, captioned *Richard Firmani v. Joseph F. Zipnock and R&L Transfer, Inc.*, Case No. GD 20-010383. A copy of the Praecipe for Writ of Summons is attached to Defendants' Motion as Exhibit "2". On January 18, 2021, Plaintiff filed his Complaint in this matter. Although not listed as a party in the Praecipe for Writ of Summons, Plaintiff's Complaint identifies Melody Firmani, his alleged wife, as a Plaintiff, and proceeds to assert a claim of loss of consortium on her behalf. See Ex. 1 and 2.

## III.   STATEMENT OF QUESTIONS INVOLVED

A.  Whether Plaintiff's Complaint fails to allege facts to support claims of recklessness and for punitive damages, and thus, said claims should be dismissed?

**Suggested Answer**:      In the Affirmative.

B.  Whether Melody Firmani, having not been properly added as a party plaintiff, should be stricken from the caption, and her claims stricken; or in the alternative, dismissed as untimely.

**Suggested Answer**:   In the Affirmative.

## IV.   **LEGAL ARGUMENT**

### A.   **Plaintiff's Complaint fails to allege facts to support claims of recklessness and for punitive damages, and thus, said claims should be dismissed.**

1.   Standard of Review

When considering a motion to dismiss, the Court must take all material allegations of the complaint as true and construe them in a light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). Nevertheless, conclusory allegations of law, unsupported conclusions, and unwarranted inferences should be disregarded. *Id.* at 449-50 (citation omitted).

The complaint, or those portions complained of, may be dismissed where it is clear that upon proof of all the allegations, the plaintiff would be unable to prevail under any set of facts or theory of law. The moving party bears the burden of showing that there is no possible claim upon which the plaintiff can prevail. *D.P. Enterprises, Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir. 1984); *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Nonetheless, a court is not required to give credit to "bald assertions" or "legal conclusions contained in the complaint." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906, 908 (3d Cir. 1997).

The United States Supreme Court has enunciated that the factual allegations must be enough to raise a right to relief above the speculative level, and, while a complaint does not need detailed factual allegations, a plaintiff has the obligation to provide the "grounds" for his "entitlement to relief," which requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009); *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

 2.   <u>Plaintiff's claims for recklessness and for punitive damages should be dismissed because the Complaint fails to include sufficient facts to support said claims.</u>

Because Courts sitting in diversity cases must apply state substantive law, Pennsylvania's law regarding claims of recklessness, wantonness, willfulness and for punitive damages is applicable. *McKenna v. Pacific Rail Service*, 32 F.3d 820, 825 (3d Cir. 1994).

Under Pennsylvania law, punitive damages must be supported by evidence of conduct more serious than the commission of an underlying tort. *See Franklin Music Co. v. American Broadcasting Companies, Inc.*, 616 F.2d 528, 542 (3d Cir. 1979); *Allstate Ins. Co. v. A.M. Pugh Associates, Inc.*, 604 F. Supp. 85, 99 (M.D. Pa. 1984). In deciding whether punitive damages are proper, the Court will not look at the end result, but instead, at the act itself together with all of the circumstances, including the motive of the alleged wrongdoers. *Chambers v. Montgomery,* 192 A.2d 355, 358 (Pa. 1963). The Pennsylvania Supreme Court has explained:

> Our case law makes it clear that punitive damages are an "extreme remedy" available in only the most exceptional matters. Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either "the defendant's evil motive or his reckless indifference to the rights of others." A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." Thus, showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed. Rather, the plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that the defendant's acts amounted to "intentional, willful, wanting, or reckless conduct...

*Phillips v. Cricket Lighters*, 883 A.2d 439, 445-46 (Pa. 2005) (citations omitted) (alterations in original).

In determining whether punitive damages should be awarded, '[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless, or malicious." *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984). Recklessness or wantonness requires a showing that the actor knew or had reason to know of facts which created a high degree of risk of physical harm to another, and that the actor deliberately proceeded to act, or failed to act, in conscious disregard of, or indifference to, that risk. *SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991) (discussing the type of recklessness that must be shown for a finding of punitive damages under Pennsylvania law). "Willful" means that "the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue." *Evans v. Philadelphia Transp. Co.*, 212 A.2d 440, 443 (Pa. 1965).

In the instant case, Plaintiff has plead irrelevant, inadmissible evidence to support their punitive damages claim. Even if these added allegations were properly pled, they still do not make out a claim for punitive damages under Pennsylvania law. See Ex. "1" at ¶¶ 6, 10, and12(h). There are no facts pled to warrant any reasonable inference that Defendants knew or had reason to know of facts which created a high degree of risk to the Plaintiff, but deliberately proceeded to act, or failed to act, in conscious disregard of same. There are also no pleaded facts to support that Defendants "desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue." *Evans*, 212 A.2d at 443. Rather, Plaintiff's Complaint pleads nothing more than the occurrence of an automobile accident, which if taken as true, establishes nothing more than negligence.

Indeed, if the facts pleaded in Plaintiffs' Complaint are sufficient to support a valid claim for punitive damages, then punitive damages claims would be appropriate in virtually every lawsuit involving motor vehicle accidents, since often it is alleged that the defendant driver made

some mistake, the result of which was the accident with the plaintiff. However, punitive damages claims are reserved for exceptional cases, since the purpose of such damages is to punish egregious conduct and prevent it from occurring in the future. This is not one of those cases.

The facts pled in Plaintiffs' Complaint simply do not support a reasonable inference that the actions or inactions of Defendant Zipnock were egregious enough to warrant a punitive damage claim. Notably, certain allegations in Plaintiff's Complaint plead nothing more than mere possibilities, as opposed to allegations of fact. See Ex. "1" at ¶¶ 10, 13(h).

Plaintiff's claims against Defendant Zipnock are based on his alleged failure to stop at a red light and avoid impact with Plaintiff's vehicle. Plaintiff then broadly, and in a conclusory manner, states that Defendant Zipnock traveled at an unspecified excessive speed, in a reckless or outrageous manner. However, none of the facts alleged support a finding of reckless or outrageous conduct, nor do they support a finding that Defendant Zipnock acted with the requisite state of mind necessary to support a punitive award.

For all these reasons, this Honorable court should grant Defendants' Motion to Dismiss Plaintiffs' claims of recklessness and for punitive damages from Plaintiffs' Complaint.

3.   Melody Firmani should be stricken from the caption, and her claim for loss of consortium should be stricken, or in the alternative, dismissed with prejudice.

As noted above, Plaintiff's Praceipe for Writ of Summons only identified Richard Firmani as plaintiff. When Plaintiff filed his complaint, on January 18, 2021, his alleged spouse, Melody Firmani, appeared as a party and proceeded to plead a claim for loss of consortium. Plaintiff never sought leave to add Ms. Firmani as a party to this Complaint. Rather, he unilaterally included her in his Complaint, without Court permission. At the time of the filing of Plaintiff's Complaint, he

7

would have required consent of Defendants or leave of Court to add a party, neither of which were obtained. *See* Pa.R.C.P. 1033. Consequently, Ms. Firmani's addition to the caption of this Complaint, and her claim for loss of consortium in Count III of the Complaint, are improper and should be stricken.

Furthermore, even if Ms. Firmani's addition as a party, and her claim for loss of consortium, are permitted to proceed, the accident occurred on October 2, 2018, and Ms. Firmani's claim for loss of consortium claim was not asserted until January 18, 2021, at the earliest, well beyond the applicable two (2) year statute of limitations for negligence claims. 42 Pa. C.S.A. § 5524. Consequently, Ms. Firmani's claim for loss of consortium, if permitted to be added, should nevertheless be dismissed as untimely.

## IV.   **CONCLUSION**

For the reasons set forth herein above, Defendants request that this Court dismiss Plaintiff's claim for punitive damages, with prejudice; strike Melody Firmani from the caption of the Complaint; and strike Count III from the Complaint, or in the alternative, dismiss Count III of the Complaint, with prejudice.

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.

   /s/ Jordan C. Hettrich, Esquire
JOHN T. PION, ESQUIRE
Attorney I.D. No. 43675
JORDAN C. HETTRICH, ESQUIRE
Attorney I.D. No. 313597
*Attorneys for Defendants,*
*Joseph F. Zipnock and R&L Transfer, Inc.*

8

## CERTIFICATE OF SERVICE

I, Jordan C. Hettrich, Esquire, hereby certify that a true and correct copy of the foregoing MEMOANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL F.R.C.P. 12(B)(6) AND MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(f) was served upon counsel of record via email and the Court's ECF Filing System this 5th day of February, 2021, as follows:

Louis J. Kroeck, IV, Esquire
LJK-Law PPL
12th Floor, Park Building
355 Fifth Avenue
Pittsburgh, PA  15222
*(Counsel for Plaintiff)*

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.

   /s/ Jordan C. Hettrich, Esquire
JOHN T. PION, ESQUIRE
Attorney I.D. No. 43675
JORDAN C. HETTRICH, ESQUIRE
Attorney I.D. No. 313597
*Attorneys for Defendants,*
*Joseph F. Zipnock and R&L Transfer, Inc*