IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD FIRMANI and MELODY FIRMANI, *Husband and wife*, | ) ) ) | |
| | ) | Civil Action No. 21-cv-171 |
| Plaintiffs, | ) ) | Magistrate Judge Maureen P. Kelly |
| v. | ) ) | Re: ECF No. 4 |
| JOSEPH F. ZIPNOCK and R&L TRANSFER, INC., | ) ) ) | |
| Defendants. | ) | |

# OPINION

Plaintiffs Richard Firmani and Melody Firmani, husband and wife, (collectively, "Plaintiffs") bring this action against Defendants Joseph F. Zipnock ("Zipnock") and R&L Transfer, Inc. ("R&L") (collectively, "Defendants"), alleging state law claims for negligence, failure to train, vicarious and respondeat superior liability, and loss of consortium. These claims arise out of a traffic accident that occurred when Zipnock operated a truck on behalf of R&L and allegedly drove at an unsafe speed through a steady red light and into Richard Firmani's vehicle. ECF No. 1-1 ¶¶ 4, 6, 8.

Presently before the Court is Defendants' Motion for Partial Dismissal Pursuant to Rule 12(b)(6) and Motion to Strike Pursuant to Rule 12(f) ("Motion to Dismiss"). ECF No. 4. Defendants ask the Court to dismiss Plaintiffs' demand for punitive damages and to strike Melody Firmani's claim for loss of consortium or, alternatively, to dismiss her claim as barred by the applicable statute of limitations. For the reasons that follow, the Motion to Dismiss is granted as to the claim for loss of consortium but is denied as to the demand for punitive damages.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF Nos. 11 and 13.

1

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs allege that on October 2, 2018, Zipnock recklessly drove the truck that he was operating at an unsafe speed, entered an intersection against a steady red light, and struck Richard Firmani's car. ECF No. 1-1 ¶¶ 2-6. The Pennsylvania State Police charged Zipnock with a violation related to proceeding across a roadway facing a steady red signal. Id. Zipnock pleaded guilty to charges of failing to obey traffic signals and "may have also plead[ed] guilty to a number of other charges" including careless driving, driving an unregistered vehicle, and failure to attend to a vehicle or property. Id. ¶ 10.

As a result of the accident, Richard Firmani suffered head and back injuries as well as contusions, bruises, and abrasions. His vehicle was deemed a total loss. Id. ¶ 13.

In accordance with the Pennsylvania Rules of Civil Procedure, Richard Firmani initiated this action with the filing a Preacipe for Writ of Summons in the Court of Common Pleas for Allegheny County on September 30, 2020. Id. at 3-6. The Preacipe did not include or identify Melody Firmani as a plaintiff or reflect that Richard Firmani was married. Zipnock and R&L filed a Praecipe for Rule to File a Complaint, and Plaintiffs filed their Complaint on January 18, 2021. Id. at 1, 27. In the Complaint, Plaintiffs assert claims for negligence (Count I); vicarious liability, failure to train and respondeat superior (Count II) and loss of consortium (Count III). Id.

Plaintiffs allege that they are Pennsylvania residents, Zipnock is a resident of Ohio, and R&L is a corporation with headquarters in Indiana. ECF No. 1 at 1-2. Citing the diversity of the parties and a qualifying amount in controversy in accordance with 28 U.S.C. § 1332, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 on February 3, 2021. ECF No. 1. On February 5, 2021, Defendants filed the pending Motion to Dismiss and brief in support. ECF

Nos. 4 and 5. Plaintiffs filed a Brief in Opposition to the Motion to Dismiss. ECF No. 9. Defendants filed a Reply. ECF No. 12. The motion is now ripe for consideration.

## II.     STANDARD OF REVIEW

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "'only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted). Thus, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

In assessing the sufficiency of a complaint, the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) when the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that,

under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim."). Id. at 233, 234.

## III. DISCUSSION

### A. Punitive Damages Claim

The Pennsylvania Supreme Court has explained the required evidentiary foundation for an award of punitive damages as follows:

> The standard governing the award of punitive damages in Pennsylvania is settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Feld v. Merriam, 506 Pa. 383, 485 A.2d 742, 747 (1984) (quoting Restatement (Second) of Torts § 908(2) (1979)); see also Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355, 358 (1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. See SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, 587 A.2d 702, 704 (1991); Feld, 485 A.2d at 747-48; Chambers, 192 A.2d at 358; see also RESTATEMENT (SECOND) OF TORTS § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800, 803 (1989); RESTATEMENT (SECOND) OF TORTS § 908 (1) ("Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." See Feld, 485 A.2d at 748; see also Martin v. Johns-Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1097 n. 12 (1985) (plurality opinion).

Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770-71 (2005). The Pennsylvania Supreme Court therefore determined that, "in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of

harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Id. at 772.

Defendants move to dismiss Plaintiffs' punitive damages claim because they fail to allege sufficient facts to establish that Zipnock acted with a conscious disregard of any risk. ECF No. 4; ECF No. 5 at 6. Plaintiffs oppose dismissal and contend that allegations that Zipnock recklessly drove an unregistered truck at an unsafe rate of speed through a steady red light and into a crossing vehicle can support a plausible claim upon which a jury may impose an award of punitive damages. ECF No. 9. Upon consideration of the conduct alleged and the pleading requirements at this early stage of the litigation, the Court agrees and finds dismissal unwarranted.

In Gonzalez v. Seashore Fruit & Produce, No. CV 19-1422, 2020 WL 2571101, at *4 (E.D. Pa. May 21, 2020), plaintiff requested leave to amend his complaint to allege punitive damages after discovery revealed the necessary factual predicate for his claim. Defendants argued that the proposed allegations of reckless driving could not state a plausible claim for a punitive damages award and that the motion to amend the complaint should be denied as futile. The district court disagreed, and found that allegations that the driver failed to slow down before approaching a controlled intersection, repeatedly drove beyond hours authorized by the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390 et seq., and drove faster than conditions allowed, were sufficient to state a claim. Id. at *3.

Similarly, in Harvell v. Brumberger, No. 3:19-cv-2124, 2020 WL 6947693 (M.D. Pa. Nov. 4, 2020), the district court held that a motion to dismiss was premature with regard to punitive damage claims against a truck driver and his carrier where the complaint alleged reckless conduct, including operating a vehicle at a speed greater than was reasonable, using a cell phone while driving, failing to inspect his vehicle, and operating his vehicle while fatigued. Id. at *2 -*3, *8.

5

The district court noted that "the question of whether punitive damages are proper often turns on the defendants' state of mind" and "this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record at trial. Therefore, where a plaintiff's right to punitive damages may turn on the significance afforded to disputed factual questions, defendants are not entitled to a judgment in their favor on the plaintiff's punitive damages claims as a matter of law at the outset of the litigation." Id. (internal citations omitted).

In the instant case, Defendants broadly claim that Plaintiffs' allegations of reckless driving are insufficient as a matter of law because Plaintiffs fail to allege that the defendant "knew or had reason to know of facts which created a high degree of risk of physical harm to another, and that the actor deliberately proceeded to act, or failed to act, in conscious disregard of [the risk]." ECF No. 21 at 6. Further, they contend, if the Court permits the punitive damages claim to proceed, "then punitive damages claims would be appropriate in virtually every lawsuit involving motor vehicles." Id. This argument grossly overstates the potential for liability.

First, Plaintiffs allege that Zipnock drove at an unsafe rate of speed through an intersection against a steady red light. These allegations, fairly construed, allege a plausible claim that Zipnock drove recklessly with an awareness of an obvious risk, and that his conduct caused Richard Firmani's injuries. This is all that is required at this stage of the litigation. Should discovery fail to produce sufficient evidence raising an issue of fact regarding Zipnock's state of mind, Defendants may revisit this issue with a timely motion for summary judgment. At this point, however, the Motion to Dismiss the punitive damages claim is denied.

### B. Loss of Consortium

Defendants next seek dismissal of Melody Firmani's loss of consortium claim because her independent claim was not asserted until well after the expiration of the two-year statute of

limitations.[2]  ECF No. 5 at 8.  Plaintiffs respond that the Court need not consider the statute of limitations in the context of a Motion to Dismiss and, in any event, a loss of consortium is derivative such that any delay is not fatal so long as the primary claim is timely.  ECF No. 9 at 5-6.  Further, under Federal Rule of Civil Procedure 15(c), even if filed late, the loss of consortium claim relates back to the original timely claim and so survives despite the apparent expiration of the statute of limitations.  Id.

Turning first to the timing of Defendants' motion, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense such as the statute of limitations in an answer rather than in a motion to dismiss.  Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).  That said, the United States Court of Appeals for the Third Circuit permits statute of limitations defenses to be raised in Rule 12(b)(6) motions "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Id. (internal quotation marks and citation omitted).  When the bar is not apparent on the face of the complaint, the statute of limitations does not afford the basis of dismissal in a motion to dismiss.  Id.  Defendants contend that in this case, the expiration of the statute of limitations is apparent on the face of the Complaint and thus may be addressed though the pending Motion to Dismiss.

Pennsylvania has enacted a two-year statute of limitations for personal injury claims grounded in negligence, including loss of consortium arising out of negligence.  See 42 Pa. Const. Stat. § 5524.  To determine the timeliness of a claim, the statute of limitations for loss of consortium "begins to run on the same date that the physically injured party's personal injury claim

---

[2] Defendants alternatively request an Order striking the loss of consortium claim because the Firmanis failed to obtain their consent or leave of court to add Melody Firmani as a party to this action before filing the initial Complaint in state court.  Pennsylvania Rule of Civil Procedure 1033 requires consent of an opposing party or leave of court to change the form of an action to add a party.  This Court need not address the motion to strike because the claim will be dismissed as barred by the statute of limitations.  Accordingly, Defendants' alternative motion for relief is denied as moot.

begins to run." Thomas v. Univ. of Pennsylvania School of Dental Medicine, No. 85-6136, 1986 WL 12806, at *3 (E.D. Pa. Nov. 6, 1986) (citing Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 502 (Pa. Super. 1984) (en banc), *abrogated on other grounds by* Marinari v. Asbestos Corp., 612 A.2d 1021 (1992) (en banc)).  Plaintiffs allege in the Complaint that the accident occurred on October 2, 2018; therefore, the statute of limitations for loss of consortium began to run that same day.  Unless otherwise excused, the failure to assert Melody Firmani's claim until January 18, 2021, bars her loss of consortium claim.

Plaintiffs contend that the derivative nature of a loss of consortium claim excuses their delay in timely commencing the action on her behalf.  Even if derivative of a spouse's injury, however, loss of consortium is a separate and distinct cause of action on behalf of an uninjured spouse and must be independently and timely filed.

> A claim for loss of consortium is quite different from a claim for bodily injury. While it stems from the spouse's bodily injury, it is nevertheless a separate and distinct claim. Loss of consortium is a loss of services, society, and conjugal affection of one's spouse. Bedillion v. Frazee, 408 Pa. 281, 285, 183 A.2d 341, 343 (1962); Hopkins v. Blanco, 224 Pa. Super. 116, 302 A.2d 855 (1973), *aff'd*, 457 Pa. 90, 320 A.2d 139 (1974). One who has suffered a loss of consortium has not sustained a bodily injury but rather has experienced an injury to marital expectations. Clearly, too, the mere fact that such a claim is joined in the same civil action as a claim for bodily injury does not alter its basic character as a separate and distinct claim.

Anchorstar v. Mack Trucks, Inc., 620 A.2d 1120, 1121-22 (Pa. 1993).  Given the separate nature of the claim, motions to amend complaints to plead loss of consortium after the statute of limitations has run have been denied in Harley v. Makita USA, Inc., No. 94-4981, No. 1998 WL 156973, at *10 (E.D. Pa. Apr. 7, 1998) (belated motion to amend complaint to add loss of consortium claim "futile" because the claim would be barred by the applicable statute of limitations); in Pierce v. Long John Silver, Inc., No. 9506558, 1996 WL 153564, at *1 (E.D. Pa. Apr. 2, 1996) (denying motion to amend complaint to include loss of consortium claim after statute

8

of limitations had run, where claim was not included because of a "clerical error"), and in Thomas, 1986 WL 12806, at *3 (statute of limitations barred loss of consortium claim filed more than two years after husband's injuries were discovered).

Thus, the derivative nature of Melody Firmani's claim is relevant only to calculate the statute of limitations, governed by the date of the source claim. See Patterson v. American Bosch Corp., 914 F.2d 384, 387 n. 4 (3d Cir. 1990). By that measure, the loss of consortium claim is barred.

Resort to Federal Rule of Civil Procedure 15(c) also fails. Pursuant to Rule 15(c),

> (1) **When an Amendment Relates Back.** An amendment of a pleading relates back to the date of the original pleading when:
>
>> (B) the claim or defense asserted in the amended pleading arose out to the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Fed. R. Civ. P. 15(c)(1)(B). As the Plaintiffs concede, "[p]laintiff never requested leave to amend as the loss of consortium claim was filed in the first Complaint." ECF No. 9 at 5. Thus, Rule 15(c) has no applicability to this action. The claim, when first alleged, was untimely. Without any other basis to excuse the delay, the failure to timely commence this action on Melody Firmani's behalf requires dismissal of the loss of consortium claim as barred by the applicable statute of limitations. Further, because amending the Complaint would not cure the bar, the claim for loss of consortium is dismissed with prejudice. City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting Jablonski v. Pan. Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)).

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is properly denied as to Plaintiffs' claim for punitive damages and is granted as to Melody Firmani's claim for loss of consortium. An appropriate Order follows.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: April 8, 2021

cc:     All counsel of record by Notice of Electronic Filing